Case 9:19-cr-80014-DMM Document 1 Entered on FLSD Docket 02/14/2019 Page 1 of 10

FILED by _____ YH _____ D.C.

Feb 14, 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **19-80014-CR-MIDDLEBROOKS/BRANNON**

18 U.S.C. § 371
18 U.S.C. § 554(a)
18 U.S.C. § 922(e)
18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853

UNITED STATES OF AMERICA

v.

ANDRES MOORES,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. In furtherance of the national security and foreign policy interests of the United States, the United States regulates and restricts the export of arms, munitions, implements of war and defense articles, pursuant to the Arms Export Control Act (the "AECA"), codified at Title 22, United States Code, Section 2778.

2. A principal purpose of these laws is to provide accurate and truthful information to the United States to allow departments of the United States government to monitor and control the distribution, exportation, and delivery of defense articles.

3. The regulations which govern such exports are the International Traffic in Arms Regulations (the "ITAR"), Title 22, Code of Federal Regulations, Sections 120-130. The ITAR

contains a list of defense articles and defense services which are subject to control by these regulations. The list is called the United States Munitions List, Title 22, Code of Federal Regulations, Section 121.1.

4. Pursuant to the AECA and the ITAR, no defense articles or defense services may be exported or otherwise transferred from the United States to another country without a license from the United States Department of State, Directorate of Defense Trade Controls. The ITAR also prohibits re-exports, transfers, transshipments, and diversions from foreign countries of previously exported defense articles or services without State Department authorization.

5. Non-automatic and semiautomatic firearms up to caliber .50 inclusive (including rifles, carbines, pistols, and revolvers not over .50 caliber), as well as components, parts, accessories, attachments, and ammunition for such firearms, are recognized as defense articles under the United States Munitions List, Title 22, Code of Federal Regulations, Section 121.1, Category I, Subparts (a) and (h), and Category III, Subpart (a).

6. Neither **ANDRES MOORES**, nor his co-conspirator possessed or obtained the necessary licenses to export from the United States non-automatic and semiautomatic firearms to caliber .50 inclusive, or components, parts, accessories, attachments, or ammunition for such firearms.

## COUNT 1
### Conspiracy to Commit Offenses against the United States
### (18 U.S.C. § 371)

1. The allegations set forth in paragraphs 1 through 6 of the General Allegations section of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around April 2017, the exact date being unknown to the Grand Jury, through in or around July 2018, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**ANDRES MOORES,**

did knowingly and willfully combine, conspire, confederate, and agree with others known and unknown to the Grand Jury to commit offenses against the United States, that is:

(a) to fraudulently and knowingly export and send from the United States to a place outside thereof, that is, Indonesia, and elsewhere, any merchandise, article, and object, that is, firearm parts, firearm accessories, and ammunition and to conceal and facilitate the transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Section 121.1; in violation of Title 18, United States Code, Section 554(a); and

(b) to knowingly and willfully deliver and cause to be delivered to a common and contract carrier for transportation and shipment in interstate and foreign commerce to a person, other than a licensed firearm importer, manufacturer, dealer, and collector, a package and other container in which there was ammunition, without written notice to the carrier that such ammunition was being transported and shipped, in violation of Title 18, United States Code, Sections 922(e) and 924(a)(1)(D).

## OBJECT AND PURPOSE OF THE CONSPIRACY

3. It was the object and purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by purchasing firearm parts, firearms accessories, and ammunition, concealing the firearm parts, firearm accessories, and ammunition in packages, and exporting those packages from the United States without first obtaining a license for export from the government of the United States as required by law.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirator sought to accomplish the purpose and objects of the conspiracy included, among other things, the following:

1. **ANDRES MOORES** purchased and otherwise attempted to acquire firearm parts, firearm accessories, and ammunition in the United States.

2. **ANDRES MOORES** and his co-conspirator concealed the firearm parts, firearm accessories, and ammunition in packages, which **MOORES** and his co-conspirator then caused to be shipped to Indonesia and Italy, from the Southern District of Florida.

3. Neither **ANDRES MOORES** nor his co-conspirator obtained export licenses from the United States prior to exporting the firearm parts, firearm accessories, and ammunition, as required by law.

## OVERT ACTS

In furtherance of the conspiracy and to achieve the objects and purpose thereof, at least one of the co-conspirators committed and caused to be committed in the Southern District of Florida, and elsewhere, at least one of the following overt acts, among others:

1. On or about April 5, 2018, **ANDRES MOORES** ordered firearm parts from TWL Enterprises, located in Spanish Fork, Utah, for the purpose of shipping them out of the United States.

4

2. On or about April 13, 2018, at a post office in Palm Beach County, Florida, a co-conspirator attempted to ship the firearm parts, purchased by **ANDRES MOORES** on April 5, 2018, to Indonesia, by falsely and fraudulently indicating that the package contained a Toyota lift kit.

3. On or about May 9, 2018, at a post office located in Palm Beach County, Florida, **ANDRES MOORES** attempted to ship firearm parts to Indonesia, by falsely and fraudulently indicating that the package contained household door handles.

4. On or about June 29, 2018, at a post office located in Palm Beach County, Florida, **ANDRES MOORES** attempted to ship ammunition to Indonesia, by falsely and fraudulently indicating that the package contained automotive machine bits.

All in violation of Title 18, United States Code, Section 371.

**COUNT 2**
**Smuggling Goods Outside the United States**
**(18 U.S.C. § 554(a))**

On or about April 13, 2018, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**ANDRES MOORES,**

did fraudulently and knowingly attempt to export and send from the United States to a place outside thereof, that is, Indonesia, any merchandise, article, and object, that is, firearm parts and firearm accessories, and did conceal and facilitate transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Section 121.1; in violation of Title 18, United States Code, Sections 554(a) and 2.

It is further alleged that the firearm parts are:

a. Six (6) glock 9mm upper assemblies,

b. One (1) AR 15 hand guard,

c. Five (5) AR 15 bolt carriers,

d. Four (4) AR 15 triggers,

e. Two (2) .223 barrels, and

f. One (1) glock 17 rifle upper.

**COUNT 3**
**Smuggling Goods Outside the United States**
**(18 U.S.C. § 554(a))**

On or about June 29, 2018, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**ANDRES MOORES,**

did fraudulently and knowingly attempt to export and send from the United States to a place outside thereof, that is, Indonesia, any merchandise, article, and object, that is, seven hundred (700) rounds of .223 caliber ammunition, and did conceal and facilitate transportation and concealment of such merchandise, article, and object prior to exportation, knowing the same to be intended for exportation, contrary to any law and regulation of the United States, that is, Title 22, United States Code, Section 2778, and Title 22, Code of Federal Regulations, Section 121.1; in violation of Title 18, United States Code, Sections 554(a) and 2.

## COUNT 4
### Delivery of Firearms to a Contract Carrier Without Written Notification
### (18 U.S.C. § 922(e))

On or about June 29, 2018, in Palm Beach County, in the Southern District of Florida, the defendant,

**ANDRES MOORES,**

did knowingly and willfully deliver and cause to be delivered to a common and contract carrier for transportation and shipment in interstate and foreign commerce to a person, other than a licensed firearm importer, manufacturer, dealer, and collector, a package and other container in which there was ammunition, without written notice to the carrier that such ammunition was being transported and shipped, in violation of Title 18, United States Code, Sections 922(e), 924(a)(1)(D), and 2.

## FORFEITURE

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendant, **ANDRES MOORES**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 371, Title 18, United States Code, Section 922, or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 924(d)(1), any firearm and/or ammunition involved in or used in the commission of such offense.

3. Upon conviction of a violation of, or a conspiracy to violate, Title 18, United States Code, Section 554, as alleged in this Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to such violation.

All pursuant to Title 18, United States Code, Section 924(d)(1), and Title 18, United States Code, Section 981(a)(1)(C), each of which is made applicable by Title 28, United States Code, Section 2461(c), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

FOREPERSON

_____
ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

_____
ROBERT F. MOORE
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ANDRES MOORES,

               **Defendant.**    /

CASE NO._____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)
___ Miami     ___ Key West
___ FTL   ✓ WPB     ___ FTP

New defendant(s)            Yes ___   No ___
Number of new defendants    ___
Total number of counts      ___

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     No
   List language and/or dialect     _____

4. This case will take __6__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                              (Check only one)

   I     0 to 5 days          ___               Petty       ___
   II    6 to 10 days         ✓                 Minor       ___
   III   11 to 20 days        ___               Misdem.     ___
   IV    21 to 60 days        ___               Felony      ✓
   V     61 days and over     ___

6. Has this case previously been filed in this District Court?   (Yes or No)   No
   If yes: Judge _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   No
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____

   Is this a potential death penalty case? (Yes or No)   No

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?     Yes ___    No ✓

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?     Yes ___    No ✓

_____
Robert F. Moore
Assistant United States Attorney
Court ID A5502488

*Penalty Sheet(s) attached

REV 8/13/2018

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **ANDRES MOORES**

**Case No:**

Count #: 1

Conspiracy to Export and Smuggle Firearms

Title 18, United States Code, Section 371

**\*Max. Penalty: Five Years' Imprisonment**

Count #: 2, 3

Smuggling Firearm Parts

Title 18, United States Code, Section 554

**\*Max. Penalty: Ten Years' Imprisonment**

**\*Max. Penalty: Twenty Years' Imprisonment**

Count #: 4

Delivery of Firearms to a Contract Carrier without Notification

Title 18, United States Code, Section 922(e)

**\*Max. Penalty: Ten Years' Imprisonment**

\* Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.